**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30175 |
| Plaintiff - Appellee, | D.C. No. 2-06-cr-00281-RSM-1 |
| v. | |
| CHADWICK HOLDEN, AKA Chase, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted April 13, 2012
Seattle, Washington

Before:    HUG, TASHIMA, and CALLAHAN, Circuit Judges.

Chadwick Holden appeals the district court's revocation of his supervised

release. He argues that the district court's admission of hearsay testimony at his

revocation hearing violated his due process rights, the district court improperly

admitted statements he made to the police in violation of *Miranda v. Arizona*, 384

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S. 436 (1966), and there was insufficient evidence to revoke his supervised release. The facts underlying this case are known to the parties and need not be repeated here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether the district court violated Holden's due process rights. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). We review a district court's decision to revoke a term of supervised release for abuse of discretion. *Perez*, 526 F.3d at 547.

The Sixth Amendment right of confrontation does not apply in supervised release revocation hearings, *United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005); and hearsay may be admissible, *see United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). However, Holden has a "due process right to confront witnesses against him during his supervised release proceedings, . . . unless the government shows good cause for not producing the witnesses." *Hall*, 419 F.3d at 986 (internal quotation marks omitted).

Holden challenges the district court's admission of out-of-court statements by Mathis and Barnett. Holden's interest in confrontation does not outweigh the government's good cause for denying it. *See id.* at 986-88. The government in this case provided a good reason for not producing Mathis and Barnett—both witnesses expressed fear of retaliation from the commencement of their

2

involvement in the case and both witnesses recanted their testimony as the prospect of further involvement increased. *See id.* at 988. Additionally, Mathis' and Barnett's statements bore indicia of reliability because they were consistent with each other and with Mathis' injuries. *See id.* Further, the district court did not abuse its discretion by finding that the challenged statements fall under the excited utterance hearsay exception. *See* Fed. R. Evid. 803(2); *see also Hall*, 419 F.3d at 987 ("[L]ong-standing exceptions to the hearsay rule that meet the more demanding requirements for criminal prosecutions should satisfy the lesser standard of due process accorded the respondent in a revocation proceeding.").

Holden's *Miranda* argument also fails. Even assuming arguendo that the district court erred in admitting Holden's pre-*Miranda* statement, the error was harmless because Holden's post-*Miranda* statements alone fully supported the district court's finding. *See United States v. Reyes-Bosque*, 596 F.3d 1017, 1031-32 (9th Cir. 2010). Because Holden's due process and *Miranda* arguments fail, Holden's sufficiency of the evidence argument fails as well. *See Perez*, 526 F.3d at 547.

**AFFIRMED**.